NOT FOR PUBLICATION

## UNITED STATES DISTRICT COURT
## DISTRICT OF NEW JERSEY

| | |
|---|---|
| TAB D. COX<br>   Plaintiff,<br><br>   v.<br><br>MONTCLAIR BOARD OF<br>EDUCATION,<br><br>   Defendant. | **Hon. Dennis M. Cavanaugh**<br><br>**OPINION**<br><br>Civil Action No. 06-CV-260 (DMC) |

DENNIS M. CAVANAUGH, U.S.D.J.:

This matter comes before the Court upon application by *pro se* Plaintiff, Tab D. Cox ("Plaintiff"), for the appointment of *pro bono* counsel pursuant to 28 U.S.C. §1915(e)(1). For the reasons set forth below, the application is **denied**.

DISCUSSION

In Tabron v. Grace, 6 F.3d 147 (3d Cir. 1993), the Third Circuit Court of Appeals provided district courts with specific guidelines to use when deciding whether appointing *pro bono* counsel for an indigent applicant is appropriate. 6 F.3d at 155, 158. The Third Circuit held that the threshold matter of merit must be met before a court examines the guidelines. Id. In other words, this Court must be satisfied that there is some merit to Plaintiff's claim both in fact and in law before engaging in further analysis. Id. Plaintiff's complaint must not be frivolous or malicious and Plaintiff's claim must state a prima facie case. Id.

Once a determination of merit has been made, then a variety of factors must be examined to decide whether or not *pro bono* counsel is warranted. Those factors include a plaintiff's ability to

present his case, a plaintiff's education, literacy, prior work experience, prior litigation experience; the complexity of the underlying case, whether the case requires factual investigation, whether a plaintiff is able to carry out that factual investigation, and whether credibility determinations are involved that may require the experience of one trained in the presentation of evidence and cross-examination. Id. at 156.

Plaintiff has failed to sufficiently address the merits of his case and the likelihood of success on his claims. Plaintiff asserts only general claims in his application and does not provide specific facts or allegations that state a prima facie case. Plaintiff alleges "excessive movement without just cause and without proper notification" and that he has "received a termination letter unjustly without a proper fair hearing as well as unfair treatment by some superiors, teachers and staff." Plaintiff does not explain the specific nature of "excessive movement" or how the termination letter was unjust.

Plaintiff also alleges "unfair treatment in some classrooms, evaluations and work responsibilities, lack of union support and inadequate medical treatment by PMA management." Id. Plaintiff however does not explain what constituted "unfair treatment" or "inadequate medical treatment." Plaintiff attributes Defendant's conduct to his "race" and "sex." However, Plaintiff does not specifically state how these two factors play a role in his allegations. Consequently, Plaintiff's claims are unsupported by anything other than his own self-serving assertions. Plaintiff fails to adequately address the threshold requirement for *pro bono* counsel, namely that his case "has arguable merit in fact and law." Tabron, 6 F.3d at 155. Because Plaintiff is unable to satisfy his burden, the Court must deny his application.

**CONCLUSION**

Based on the foregoing, the application by Plaintiff, Tab D. Cox, for appointment of *pro bono* counsel is **denied**. An appropriate Order accompanies the Opinion. Plaintiff has 20 days from the date of this decision to properly serve Summons and Complaint on Defendant.

Dennis M. Cavanaugh, U.S.D.J.

Date:     May/*/, 2007
Orig.:    Clerk
cc:       Counsel of Record
          The Honorable Mark Falk, U.S.M.J.
          File